**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Trina Howze, | : | |
| p/n/g of C.W., a minor | : | |
| 877 North Prince Street | : | |
| Lancaster, PA 17603 | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | |
| | : | |
| Milton Hershey School | : | |
| 112 North Pine Street | : | |
| Middletown, PA 17057 | : | |
| | : | |
| And | : | |
| | : | |
| Michael Randolph, | : | |
| individually & in his official capacity as | : | |
| Student Home Affiliate at | : | |
| Milton Hershey School | : | |
| 112 North Pine Street | : | |
| Middletown, PA 17057 | : | **JURY TRIAL DEMANDED** |
| | : | |
| And | : | |
| | : | |
| Kenneth Wilson and Tysha Wilson, | : | |
| individually & as h/w | : | |
| 408 Red Oak Lane | : | |
| Hershey, PA 17603 | : | |
| | : | |
| And | : | |
| | : | |
| John Does, 1-10 | : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

**I. Jurisdiction**

1.    Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. §1331; supplemental

jurisdiction over Plaintiff s' state law claims is granted by 28 U.S.C. §1367.

2.    Venue lies in this judicial district, in that the events that gave rise to this claim occurred

here.

1

## II. Parties

3.      Plaintiff, Trina Howze ("Mother,"), is an adult individual and is also a parent and natural guardian of Plaintiff, C.W., a minor, all residing at the above captioned address.

4.      Defendant, Milton Hershey School ("MHS"), is cost-free, private, coeducational home and school for pre-Kindergarten through 12th grade students from families of low income, limited resources and social need operating in the Commonwealth of Pennsylvania.

5.      Defendant, Michael Randolph, at all times material, was and/or is a Student Home Affiliate for the Milton Hershey School, and at all times relevant was the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter.

6.      Defendants, Kenneth Wilson and Tysha Wilson (collectively, "Wilsons"), at all times material, was and/or are adult individuals residing at the aforementioned address, and at all times relevant hereto were operating the Student Home where Plaintiff, C.W. was living, while enrolled at Milton Hershey School.

        a.      The foregoing Defendants, Milton Hershey School, Randolph and Wilsons shall be collectively referred to as "School Defendants."

7.      Defendants, John Does, 1-10, at all times material, was and/or is an agent, servant, workman, employee(s) of Defendants acting under color of state law pursuant to official policy, custom or practice, in both an individual and official capacity.

## III. Facts

8.      In or around September, 2009, Plaintiff, C.W., started school at Milton Hershey School.

9.      As part of her attendance at Milton Hershey School, there is a boarding component in which students live in a "Student Home," operated by married adults who look after the children outside of school hours.

10.    At all times material, C.W. was assigned to a Student Home operated by the Wilsons.

11.    At all times material, Randolph was a Student Home Affiliate charged with supervision of the Wilsons' student home.

12.    At all times material, Randolph and the Wilsons are employees of the Milton Hershey School

13.    It is the responsibility of the Student Home adults (here, the Wilsons) to establish rules regarding uses of smartphones, and the Wilsons prohibited smartphones.

14.    On or about June 10, 2013, Randolph and the Wilsons suspected C.W. of possessing a smart phone, which was prohibited contraband within the Wilsons Student Home.

15.    When confronted by the Wilsons, C.W. denied that she had possession of a smartphone.

16.    The Wilsons and Randolph then directed C.W. to submit to a strip search in the nurse's office, which was performed by a nurse named "Joanne" in the student health center at Milton Hershey School.

17.    Joanne directed C.W. to remove her blouse, to which she complied.

18.    After removing her shirt to expose her bra, Joanne touched C.W. all over her body – including her chest – feeling for the smartphone.

19.    C.W. had no smartphone on her person and the strip search ceased.

20.    The strip search of C.W. was performed out of her mother's presence, and without her consent.

21.    After the strip search, C.W., feeling violated, was visibly upset, crying and shaken.

22.    Consequently, C.W. called her mother and advised her about what had happened.

23.    Ms. Howze called Tysha Wilson to ask about what happened and Wilson advised Howze that C.W. does not have constitutional rights because she is in a private school and that the school is backed up by the Derry County Police Department; and "it is what it is Ms. Howze."

24.    At all times material hereto, C.W. had a 4th and 14th Amendment rights to be free from governmental intrusion into her bodily integrity.

**COUNT I**
**CIVIL RIGHTS VIOLATION**
**(4th and 14th Amendments – Procedural and Substantive Due Process)**

25.    Plaintiff incorporates paragraphs 1-24 as if same were fully set forth at length herein.

26.    As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiff, C.W. was deprived of her right as a school student to personal security and bodily integrity.

27.    As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiff, Howze was deprived of her rights as parent to be free from governmental intrusion into their rights to rearing her child.

28.    As a result, Plaintiffs suffered and continues to suffer harm, in violation of their rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, by Title 42 U.S.C. §§1983, et seq., including, but not limited to, Defendants' state-created danger and failure to protect.

29.    C.W. had the right to be free from the intrusive physical examination.

30.    Plaintiff, Howze had a right to attend the strip search.

31.    The School Defendants violated those rights by ordering the strip search of Plaintiff C.W. without the consent of the Plaintiff, Howze.

32.    The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiffs, that imposition of punitive damages are warranted.

## COUNT II
## CIVIL RIGHTS VIOLATION – *MONELL*

33.    Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

34.    Prior to the events described herein, Defendants', developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons attending Milton Hershey School, which caused violations of Plaintiffs' constitutional and other rights, more specifically set forth above, at length.

35.    Specifically, Defendants' failed to adequately and properly supervise and train in various aspects of constitutional rights of students in violation of the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

36.    The actions and conduct of Defendants was caused by their failure, with deliberate indifference, to properly train, control or supervise their employees with respect to their procedures for ensuring the safety and protection of their students.

37.    The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

## COUNT III
## NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.    Plaintiffs incorporate paragraphs 1-37 as if same were fully set forth at length herein.

39.    Defendants' aforementioned conduct was intentional, extreme and outrageous.

40.   As a direct and proximate result of Defendants' conduct, as set forth above, Plaintiffs suffered emotional distress.

41.   The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiff, that imposition of punitive damages are warranted.

## COUNT IV
## NEGLIGENCE

42.   Plaintiff incorporate paragraphs 1 through 41 as if fully set forth at length herein.

43.   At all times material hereto and as set forth above, Defendants had a duty to Plaintiffs.

44.   Plaintiff was injured due to the negligence, carelessness and recklessness of Defendants, their agents, servants, workmen and employees, Defendants, John Does.

45.   As a direct result of the aforesaid negligence, carelessness and recklessness of the Defendants, its agents, servants, workmen and employees, Plaintiffs sustained severe, serious and permanent personal injuries as fully set forth above.

## COUNT V
## ASSAULT AND BATTERY

46.   Plaintiff incorporates paragraphs 1 through 48 as if fully set forth at length herein.

47.   As set forth above, Defendants, their agents, servants, workmen and employees, conduct in performing a strip search of the Plaintiff C.W. without permission constitutes a harmful and offensive contact upon Plaintiff, C.W.

48.   As a direct and proximate result of the harmful and offensive physical contact, Plaintiff was injured as set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, statutory, and nominal damages in an amount in excess of $75,000.00, plus punitive damages

against Defendants in their individual capacities, attorney's fees and costs, and injunctive and

such other relief and costs this Honorable Court deems necessary and just including monitoring.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs